IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RODNEY MOODY**                                                       **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 4:12-cv-184-HTW-FKB**

**MAGISTRATE JUDGE LINDA R. ANDERSON,
ERIN O'LEARY CHALK, GARLAND LYELL III,
NIJAH LEWIS, ATHENA O. MacINNIS,
JEFF JENNINGS, CHRIS SCOTT, ARNOLD BROWN,
AND BRIGID KING**                                       **DEFENDANTS**

<u>REPORT AND RECOMMENDATION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Plaintiff Rodney Moody originally filed this complaint in *United States v. Rodney Moody, et al.*, Criminal No. 4:09cr18-DPJ-LRA. Subsequently, the Hon. Daniel P. Jordan III, United States District Judge, directed the Clerk of Court to open a civil action for Moody's complaint. Upon filing the complaint, the Clerk of Court construed this action as one filed pursuant to 28 U.S.C. § 2254. Although Plaintiff is proceeding in this action *pro se* and *in forma pauperis*, the Court has not yet issued process in the case. *See* 28 U.S.C. § 1915. Having examined the complaint, the Court finds that Plaintiff purports to hold Defendants liable for monetary damages based upon alleged violations of his constitutional rights related to Criminal No. 4:09cr18-DPJ-LRA. Accordingly, the Court construes this action as a *Bivens*[1] complaint filed pursuant to 28 U.S.C. § 1331. For the reasons set forth in this Report and Recommendation, the undersigned finds that this complaint should be dismissed with prejudice.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

## I. Background

In Criminal No. 4:09cr18-DPJ-LRA, Moody and a co-defendant were originally charged with two counts of possession with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly referred to as "crack," in violation of 21 U.S.C. § 814(a)(1). Prior to trial, Moody's co-defendant entered a plea agreement as to Count I, *see* Docket No. 41, Criminal No. 4:09cr18-DPJ-LRA, and ultimately the Court sentenced the co-defendant to a term of seventy-five (75) months in the custody of the BOP, followed by a term of five years supervised release, $1,000 partial fine, and $100 special assessment. *Id.* at Docket No. 62. Upon the government's motion, the Court dismissed Count II as to Moody's co-defendant. *Id.* at Docket No. 61. Prior to trial, the government dismissed Count II as to Moody, *see id.* at Docket No. 35, but proceeded to trial against Moody on Count I. A jury acquitted Moody of the charge set forth in Count I, possession with intent to distribute cocaine base. *Id.* at Docket Nos. 53, 58.

Named as Defendants in this action are Hon. Linda R. Anderson, Magistrate Judge; Erin O'Leary Chalk, Assistant United States Attorney; Garland Lyell III, court-appointed counsel to Plaintiff during his criminal proceedings; Nijah Lewis, described by Plaintiff as a U. S. Marshal; Athena O. MacInnis, U.S. Probation Officer; and Jeff Jennings, Chris Scott, Arnold Brown, and Brigid King, government witnesses. In his two-page complaint, Plaintiff alleges that all Defendants violated his constitutional right to a fair trial in various ways. He states that he has sued Magistrate Judge Anderson because "she refused to release me after hearing that I was'nt [sic] involved in selling or distributing of any drugs." Docket No. 2 at 1. He is also aggrieved because the Court denied him bail or bond during the ten-month period leading up to trial. Id. at

2. Plaintiff has sued Chalk and Lyell, the prosecutor and his defense attorney, respectively, because "they had and view[ed] the evidence against me but continued trying to get me to enter a guilty plea." Id. at 1. Plaintiff has sued Lewis, characterizing her as a U.S. Marshal who arrested an innocent "man that was'nt [sic] in violation of probation I was never on." Id. Plaintiff alleges that the Probation Officer, MacInnis, and the U.S. Marshal held evidence of his innocence on tape that was presented in federal court. Id. at 2. Finally, he has sued government witnesses Jennings, Scott, Brown, and King for "entering false statements and lying in a court of law." Id. at 1.

## II. Analysis

Title 28 U.S.C. § 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992)*; Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir. 1994). "A district court may

---

[2]Section 1915(e)(2) states:

>Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>(A) the allegation of poverty is untrue; or
>(B) the action or appeal--
>    (i)     is frivolous or malicious;
>    (ii)    fails to state a claim on which relief may be granted; or
>    (iii)   seeks monetary relief against a defendant who is immune from such relief.

dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d)[3] whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The reason for permitting early dismissal is clear – to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327; *see also Newsome v. EEOC*, 301 F.3d 227 (5th Cir. 2002)(appellate court upheld district court's dismissal of *pro se*, *in forma pauperis* action based upon § 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim). As discussed below, Plaintiff cannot maintain this *Bivens* action because it fails to state a claim on which relief may be granted.

## A. Magistrate Judge Anderson

Although Moody's complaint does not explicitly state as much, but because he purports

---

[3] Prior to 1996, subsection (d) of § 1915 contained the standards for dismissal of meritless *in forma pauperis* claims. *See* Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA").

to hold Magistrate Judge Anderson and the other defendants liable for monetary damages based on their alleged violations of his constitutional rights, the action is best regarded as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that a violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court which is brought pursuant to 28 U.S.C. § 1331). *See also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993) (citing *Bell v. Hood*, 327 U.S. 678, 684 (1946))(recognizing that a prisoner may request "injunctive relief from violation of his federal constitutional rights"). Pursuant to *Bivens*, "unless defendants have deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States," a plaintiff has no viable claim. *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (concluding that 42 U.S.C. § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States.").

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties, *see Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982), such that judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Furthermore, allegations of bad faith or malice fail to overcome judicial immunity. *Id.* at 11. In the present case, Moody asserts claims against a United States Magistrate Judge arising out of actions that she took in the performance of her official duties. Thus, the alleged acts occurred within her jurisdictional province, and she is entitled to absolute judicial immunity. It follows then that Moody's complaint seeking monetary damages from Magistrate Judge Anderson arising out the

5

performance of her judicial duties must be dismissed with prejudice.

## B.  Erin O. Chalk, Prosecuting Attorney

Plaintiff has sued Assistant United States Attorney Chalk because she had "view[ed] the evidence against" him but "continued trying to get [him] to enter a guilty plea."  Docket No. 2.  The immunity of a prosecutor against suit is well established.  A prosecutor is absolutely immune from suit for any acts taken within the scope of her prosecutorial role.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  This immunity extends to federal prosecutors in *Bivens* actions.  *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).  Moreover, the Court is "satisfied that a prosecutor's activities in the plea bargaining context merit the protection of absolute immunity. The plea negotiation is an 'essential component' of our system of criminal justice." *Taylor v. Kavanagh,* 640 F.2d 450, 453 (1st Cir. 1981); *see also Tubwell v. Dunn*, 12 F.3d 1097 (table), 1993 WL 543273 (5th Cir. Dec. 14, 1993)(Mississippi case)("A prosecutor's involvement in obtaining a guilty plea has been found to be associated with the judicial phase of the criminal process," thus entitling the prosecutor to immunity.).  Because Moody complains of Chalk's actions related to plea bargaining, Chalk is absolutely immune from suit based upon her acts as a prosecutor in this case.  Therefore, Plaintiff's claims against Chalk should be dismissed with prejudice.

## C.  Garland Lyell III, Court-Appointed Counsel

Plaintiff has also sued his court-appointed counsel, Garland Lyell III, for the same reasons he sued prosecutor Chalk.  Plaintiff alleges that although his counsel viewed the evidence against him, he continued "trying to get [him] to enter a guilty plea." Like Chalk, Lyell is immune from suit in this *Bivens* action.  "[C]ourt-appointed counsel for defendants in federal

6

criminal cases are immune from suit the same as federal officials are." *Sullens v. Carroll*, 446 F.2d 1392 (5th Cir. 1971); *see also Rogozinski v. Spaulding*, 2009 WL 1259361 (11th Cir. May 8, 2009) (unpublished). Accordingly, Plaintiff's claims against Lyell should be dismissed with prejudice.

### **D. Nijah Lewis**

Plaintiff has sued Nijah Lewis, whom he identified as a United States Marshal. In his complaint, Moody alleges that the U.S. Marshal arrested him, an innocent man who was not in violation of probation he "was never on." Docket No. 2. According to the docket sheet of Moody's case, Criminal No. 4:09cr18-DPJ-LRA, Lewis is not a U.S. Marshal, but, instead served as the courtroom deputy clerk to Magistrate Judge Anderson during Plaintiff's initial appearance on September 24, 2009, and Plaintiff's detention hearing on September 28, 2009. *See* Minute Entries of 9/24/2009 and 9/28/2009. Lewis also assisted Magistrate Judge Anderson by entering several orders by Magistrate Judge Anderson and setting hearings at Magistrate Judge Anderson's direction. *See* Docket Nos. 12, 15, 16, 17, and 19.[4]

Judicial immunity extends to court employees working for a judge to carry out judicial functions. *See Guccione v. Parish of Jefferson*, 2010 WL 2465039 (5th Cir. June 16, 2010)(§ 1983 action); *see also Mitchell v. McBryde*, 944 F.2d 229 (5th Cir. 1991)(citing cases)(finding absolute judicial immunity extends to law clerks for federal judges when assisting with judicial functions). The docket demonstrates that Lewis is not a U.S. Marshal. Rather, Lewis assisted Magistrate Judge Anderson with the clerical duties related to Moody's criminal proceedings by

---

[4]"A court may take judicial notice of its own records." *Securities & Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429, 433 n. 6 (5th Cir. 1981) (citing 9 Wright & Miller, Federal Practice and Procedure § 2410 at 359-60 (1971)).

entering orders and setting hearings at the direction of Magistrate Judge Anderson. Accordingly, because Lewis's involvement was limited to assisting Magistrate Judge Anderson in carrying out her judicial functions, Lewis is entitled to absolute judicial immunity. Therefore, Plaintiff's claims against Lewis should be dismissed with prejudice for their failure to state a claim upon which relief may be granted.

### E.  Probation Officer Athena O. MacInnis

Plaintiff has sued Probation Officer MacInnis for monetary damages and has alleged that MacInnis "held evidence of my innocence on tape that was presented on 06/29/2010 in a federal court of law." A probation officer is a "quasi-judicial officer . . . shielded from suits for damages by absolute immunity while acting in [her] quasi-judicial capacity." *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979). The *Spaulding* court found that a probation officer's preparation of a pre-sentencing report was an activity entitled to absolute immunity as the officer's function was "'intimately associated with the judicial phase of the criminal process. . . .'" *Id.* (quoting *Imbler*, 424 U.S. at 430). Furthermore, the court observed that in preparing a presentencing report, the probation officer acts at the direction of the court and, thus, is entitled to the same immunity as a judge. *Id.* at 729. Absolute immunity has also been "granted to probation officers who allegedly make false statements in a pretrial bond report and a presentence report" because "the court requires pretrial bond and presentence reports in handling the criminal docket." *Snell v. Tunnell*, 920 F.2d 673, 692 n.18 (10th Cir. 1990)(citing *Tripati v. United States INS*, 784 F.2d 345, 347-48 (10th Cir. 1986), *cert. denied*, 484 U.S. 1028 (1988)).

Likewise, in this case MacInnis is entitled to absolute immunity in her role as a probation officer. Although Plaintiff makes the allegation that MacInnis withheld evidence of his

8

innocence on tape that was eventually presented in court, Plaintiff evidently misapprehends the role of a probation officer. As a probation officer, MacInnis's function was to prepare reports and advise the Court on issues related to the judicial phase of the criminal process, not to prosecute the defendant on the criminal charge. Thus, MacInnis is entitled to absolute immunity in her role as a probation officer, whether she assisted the Court by preparing a bond report or presentence report, or by providing other advisory support to the Court related to the judicial phase of the criminal process. Accordingly, Plaintiff's claims against MacInnis should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### F. Witnesses

Plaintiff has sued government witnesses Jeff Jennings, Chris Scott, Arnold Brown, and Brigid King for "entering false statements and lying in a court of law." Docket No. 2 at 1. Plaintiff fails to give any specifics regarding their testimony. Nevertheless, "[w]itnesses, including police officers, are absolutely immune from liability for their testimony in judicial proceedings." *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989)(citing *Briscoe v. LaHue,* 103 S.Ct. 1108, 1113-14 (1983)); *see also Freeze v. Griffith*, 849 F.2d 172 (5th Cir. 1988) (witnesses are absolutely immune from liability for damages under 42 U.S.C. § 1983). Accordingly, Plaintiff's allegations against these witnesses fail to state a claim upon which relief may be granted and should be dismissed with prejudice.

### III. Conclusion

As discussed above, Plaintiff's claims against all Defendants should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

9

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 21st day of May, 2013.

     /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE